1
2
3
4
5
6
# UNITED STATES DISTRICT COURT
7
EASTERN DISTRICT OF CALIFORNIA
8
9  RUBEN JESSE MARTINEZ,   1:10-cv-02116 DLB (HC)
10         Petitioner,
                                        ORDER OF TRANSFER
11     v.
12
   JAMES A. YATES,
13
           Respondent.
14  _____/
15
16       Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented by Johnny L. Griffin, III.
17
18       The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).
19
20
21
22
23
24       In this case, Petitioner challenges both the validity of his conviction. The proper venue for challenging the validity of his conviction is the district court containing the sentencing court, while the proper venue to challenge the execution of his sentence is the district court containing the prison in which Petitioner is incarcerated.
25
26
27
28

1     Although Petitioner has filed in the proper district court to challenge the execution of his sentence, this petition should be heard by the district court containing the sentencing court. Under 28 U.S.C. section 2254, this Court does not have jurisdiction to hear claims relating to the sentencing court where Petitioner was not sentenced in this district. See 28 U.S.C. § 2241(d); Local Rule 191(g). Additionally, the resolution of Petitioner's claims involving the sentencing court may render his remaining claims moot.

    Petitioner is challenging a conviction from Santa Clara County Superior, which is in the Northern District of California.[1] Therefore, the petition should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir.1974).

    Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

  IT IS SO ORDERED.

  Dated:   **February 28, 2011**            **/s/ Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] The Court takes judicial notice of the California Court of Appeals, Sixth Appellate District opinion in People v. Martinez, No. H032557, 2009 WL 2901938, which references Petitioner's conviction in the Santa County Superior Court, No., CC630512. Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 74`, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).