IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN JESSE MARTINEZ, | No. C 11-01011 SI |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| JAMES A YATES, | |
| Respondent. | |

**INTRODUCTION**

Ruben Jesse Martinez, a prisoner incarcerated at the Pleasant Valley State Prison in Coalinga, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

**BACKGROUND**

Martinez was convicted in Santa County Superior Court of seven counts of forcible lewd conduct on a child (Cal. Penal Code § 288(b)(1)); two counts of non-forcible lewd conduct on a child (Cal. Penal Code 288(a)); and one count of continuous sexual abuse of a child. (Cal. Penal Code 288.5(a)). He was sentenced to 54 years.

Martinez appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: denial of a fair trial by an impartial jury, based on allegations of juror misconduct and the trial court's refusal to grant defendant's petition for access to juror identifying information to uncover juror misconduct; and denial of due process because the evidence was insufficient to support a finding of guilt beyond reasonable doubt.

Liberally construed, the claims appear to be cognizable in a federal habeas action.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **June 8, 2011**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the

2

court and serving it on respondent on or before **July 8, 2011.**

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

**IT IS SO ORDERED.**

Dated: March 10, 2011

_____
SUSAN ILLSTON
United States District Judge