IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RUBEN JESSE MARTINEZ,

     Petitioner,

v.

JAMES A YATES,

     Respondent.

No. C 11-01011 SI

**ORDER GRANTING MOTION TO DISMISS; ALLOWING PETITIONER TO FILE AMENDED PETITION**

Ruben Jesse Martinez filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted on three claims. Respondent moved to dismiss on the ground that state court remedies had not been exhausted for one of the claims in the petition. Petitioner Martinez opposed the motion.

For the reasons discussed below, the court finds that state court remedies were not exhausted for the impartial jury claim and dismisses that claim. The court will grant petitioner's request and allow him to amend his petition to exclude the unexhausted claim.

**BACKGROUND**

The petition challenges Martinez's conviction in Santa Clara County Superior Court of seven counts of forcible lewd conduct on a child, Cal. Penal Code § 288(b)(1); two counts of non-forcible lewd conduct on a child, *id.* at § 288(a); and one count of continuous sexual abuse of a child, *id.* at § 288.5(a). On appeal, his conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court.

Martinez's petition for writ of habeas corpus alleges three claims: (1) petitioner was denied the right to receive a trial by an impartial jury; (2) the trial court erred in denying Martinez's petition for access to juror identifying information; and (3) petitioner was denied due process because the evidence presented was insufficient to allow a rational trier of fact to find petitioner guilty beyond a reasonable doubt.

Respondent moved to dismiss the petition on the ground that state judicial remedies for petitioner's first claim, violation of right to an impartial jury, has not been exhausted.

## DISCUSSION

### I. Exhaustion Requirements

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). The exhaustion-of-state-remedies doctrine "reflects a policy of federal-state comity" designed to give a State "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). The court generally may not grant relief on an unexhausted claim, see 28 U.S.C. § 2254(b)(1).

Both the legal basis and the factual basis of the claim must be fairly presented in order to exhaust. It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. *See Picard*, 404 U.S. at 277. The state's highest court must "be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). With regard to the factual basis for the claim, "the petitioner must only provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citations omitted).

**II.    Analysis**

The Court has compared the federal petition with the brief and petition filed in the California Court of Appeal and the California Supreme Court to determine whether petitioner's first habeas claim was fairly presented in the state court proceedings. It was not; petitioner's claim that he was denied a right to a fair and impartial jury under the Sixth and Fourteenth Amendments because of jury misconduct has not been exhausted.

It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. *See Picard*, 404 U.S. at 277. In his state court appellate proceedings, Martinez argued that the trial court erred under state law in denying his request to obtain the jurors' personal identifying information because there was sufficient good cause that juror misconduct could have occurred. *See* Cal. Code of Civ. P. § 237(b) ("any person may petition the court for access to [the sealed personal juror identifying information]. The petition shall be supported by a declaration that includes facts sufficient to establish good cause for the release of the juror's personal identifying information."). Petitioner argued that jurors may have relied on an alternative theory and this theory could have been based on evidence not presented at trial. However, petitioner nowhere mentions that the trial court's failure to disclose the juror information deprived him of his right to an impartial jury nor did he mention the Sixth Amendment or cite to any federal case law concerning this claim. *But cf. Lyons v. Crawford,* 232 F.3d 666, 668 (9th Cir. 2000), *amended,* 247 F.3d 904 (9th Cir. 2001) ("the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is 'self-evident'"). Instead, petitioner argued in his state court pleadings that the trial court's denial of the release of the juror's personal identifying information denied petitioner an opportunity to investigate whether juror misconduct occurred. Thus, petitioner was not claiming that juror misconduct had occurred, only that he should have had an opportunity to investigate facts that may have led to that conclusion.

Petitioner cites to *Fields v. Waddington*, 401 F.3d 1018 (9th Cir. 2005) to argue that a claim may be exhausted, even if a federal constitutional claim was not explicitly invoked in state court, if the standards for adjudicating the state and federal claims are identical. He then argues that petitioner's right to have a trial in front of a fair and impartial jury is adjudicated in the same way under California law

3

1 as it is under federal law. Whether or not this is true, it has no application here as petitioner never
2 claimed in state court that his right to a fair trial was violated. Further, if he was referring to his state
3 claim under California Code of Civil Procedure § 237, he is still mistaken. Petitioner's section 237
4 claim and his new constitutional claim under the Sixth Amendment are not adjudicated under identical
5 standards. Under section 237, a defendant must make a "sufficient showing to support a reasonable
6 belief that jury misconduct occurred, that diligent efforts were made to contact the jurors through other
7 means, and that further investigation is necessary to provide the court with adequate information to rule
8 on a motion for a new trial." *People v. Carrasco*, 163 Cal. App. 4th 978, 990 (Ct. App. 2008). In
9 contrast, in adjudicating an alleged Sixth Amendment violation, the court takes into account: "(1)
10 whether the extrinsic material was actually received, and if so, how; (2) the length of time it was
11 available to the jury; (3) the extent to which the jury discussed and considered it; (4) whether the
12 material was introduced before a verdict was reached, and if so, at what point in the deliberations it was
13 introduced; and (5) any other matters which may bear on the issue of . . . whether the introduction of
14 extrinsic material [substantially and injuriously] affected the verdict." *Fields v. Brown,* 503 F.3d 755,
15 779, n.18 (9th Cir. 2007).

16 Therefore, petitioner has not exhausted his state judicial remedies regarding his Sixth
17 Amendment claim that he was denied a trial by an impartial jury.

### III.  Mixed Petition

Petitioner's federal petition contains both exhausted and unexhausted claims and therefore is a "mixed" petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). The court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust).

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), courts are reluctant to dismiss a mixed petition (and possibly cause a later-filed petition to be time-barred) without giving petitioner the opportunity to elect whether to proceed with just his exhausted claims, or to try to

4

exhaust the unexhausted claims before having this court consider all his claims.

Here, petitioner requests that he be allowed to amend his petition to include only those claims the Court finds are exhausted. Petitioner's request is granted and he will be allowed to file an amended petition including only the exhausted claims, i.e., claims that petitioner was (1) denied access to jury information under California Code of Civil Procedure § 237, and (2) denied constitutional Due Process.

## CONCLUSION

Respondent's motion to dismiss is GRANTED. Petitioner shall file his Amended Petition omitting the unexhausted claim within ten (10) days of the date of this Order. Respondent's Answer shall be filed within thirty (30) days of the filing of the Amended Petition and Petitioner's Traverse is due within thirty (30) days of the filing of the Answer.

**IT IS SO ORDERED.**

Dated: September 26, 2011

SUSAN ILLSTON
United States District Judge

5